## THAYER et al. v. TUDOR.

One who owns real estate in this State specially mortgaged to secure the payment of a note, and is not represented by any agent authorised to defend suits instituted against him, may be sued, for the purpose of subjecting the mortgaged property to the payment of the debt by the appointment of a curator to represent him ; and a judgment rendered contradictorily with such curator will be binding on the absentee, as far as it can be executed on the property specially affected in favor of the creditor. Such judgment can have no effect beyond the property mortgaged.

It is not necessary that a curator appointed to represent an absentee in a suit should be sworn.

One who has accepted the appointment of curator to represent an absent defendant, cannot afterwards resign his trust so as to defeat the action of the plaintiff. The court may, in the exercise of its discretion, discharge him for sufficient cause ; but until thus relieved he is bound to defend the action.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Benjamin* and *Micou*, for the plaintiffs. *C. T. Stewart* and *Bonford*, for the appellant. The judgment of the court was pronounced by

KING, J. The plaintiff instituted this action to recover the amount of two promissory notes executed by the defendant, and secured by a mortgage passed in Boston, bearing upon property of the defendant in this city. Both the plaintiffs and the defendant are residents of Massachusetts. The plaintiffs in their original petition alleged, that *Bosworth* was the agent of the defendant in this State, and prayed that the defendant be cited by service on his agent. *Bosworth* declared under oath that he was not the agent of the defendant for bringing or defending suits, and was unauthorised to defend this action. The plaintiffs then presented a supplemental petition, alleging that *Charles R. Green* was the agent of the defendant, and praying that *Green* be appointed curator *ad hoc* to represent the absent defendant, and that he be cited both as agent and curator. *Green* was subsequently shown not to be the agent of the defendant; he was, however, appointed curator *ad hoc* in conformity to the plaintiffs' prayer, accepted the appointment, and thirty days were allowed him to correspond with the defendant. At the expiration of that delay he tendered his resignation of the trust, stating that he had advised the defendant, by letter, of the institution of this suit, and of his appointment, and requested to be informed of the defences to be made to the action, but that he had received no answer. He further stated that he was not an attorney ; that the suit was an important one, and that he was unwilling to assume either the responsibility or expense of defending it, without express authority to that effect. This resignation was not ac-

cepted by the judge. A default was entered, and, after the legal delays and
due proof made of the demand, a final judgment was rendered in favor of the
plaintiffs, from which the defendant has appealed.

The only question presented is, whether the defendant was properly cited
and represented in the cause. It is assigned as error that a curator *ad hoc* to
represent the defendant was illegal, as no writ of attachment had issued against
the property of the defendant, in the absence of which no proceedings binding
upon him could be had contradictorily with a curator *ad hoc*. It is further
objected that, no oath was administered to *Green* as curator, and that he had
tendered the resignation of his trust and ceased to be curator, before either the
rendition of the final judgment, or the entry of the default.

The facts of this case, in our opinion, clearly authorised the appointment of a
curator *ad hoc* to represent the defendant. The defendant owned property in
this State, which gave jurisdiction to the court; that property was specially
mortgaged to secure the payment of the notes on which the action was founded,
and the defendant was unrepresented by an agent authorised to defend suits in-
stituted against him. He belonged strictly to the class of absentees, who may
be brought before our courts through curators; and for the purpose of subject-
ing the mortgaged property to the payment of the debt, a jugdment rendered
contradictorily with such curator is valid and binding upon the absentee, as far
as it can be executed upon the property thus specially affected in favor of the
creditor. In the case of *Millaudon* v. *Beazley*, lately decided *(ante* p. 916),
substantially the same question arose which is now presented. We then held
that, a creditor could proceed to enforce his mortgage upon the property sub-
ject to it, by causing the mortgagor, who was an absentee, to be represented by
a curator *ad hoc*. A judgment, however, rendered in such a proceeding must
be restricted in its operation exclusively to the property mortgaged, beyond which
it can have no effect, and can possess none of the attributes of a judgment *in
personam*. *Dupuy* v. *Hunt et al.*, *ante* p. 562.

The position assumed that the curator should have been sworn, is untenable.
Neither the provisions of the Civil Code nor the Code of Practice contemplate,
that the curator appointed to represent an absent defendant in a pending litigation
is to take an oath for the faithful discharge of his duties. The 52d article of the
Civil Code, which it is contended requires such an oath, refers to the cura-
tors spoken of in the two preceding articles, who are appointed to administer
the property of absentees. These are expressly required to be sworn. The
57th article provides for the further contingency of judicial proceedings being
instituted against the unrepresented absentee, and directs that in such cases
the court shall appoint a curator *ad hoc*, whose duties are limited to the de-
fence of the suit for which he is specially appointed; but neither that article,
nor the corresponding articles of the Code of Practice, require that he be sworn.
C. P. 116, 964. The curator, having accepted the appointment and acted un-
der it, was not at liberty to resign his trust so as to defeat the action of
the plaintiff. The judge, in the exercise of a sound discretion, could have
discharged him upon sufficient cause shown, but until thus relieved he was
bound to defend the suit. The plaintiffs had the legal right to provoke the ap-
pointment of a curator, whose intervention in the suit was indispensable in
obtainining a judgment, and to insist upon his continuing to act until the ends
of his appointment were accomplished. If a curator could, at will, withdraw
from a cause, then it would, at all times, be in his power to defeat the plaintiff's

THAYER
v.
TUDOR.

action, by depriving him of the means expressly granted to him by law, for bringing his debtor into court, and proceeding to judgment against him. We cannot recognise the right of the curator, who has accepted the appointment, thus to withdraw and defeat the purpose of the law and the rights of the creditor. The resignation tendered was not accepted by the judge, and the defendant was properly represented in the cause when the judgment was rendered against him.                              *Judgment affirmed.*